893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee PARKS, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 89-3261.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner Parks filed a habeas corpus action under 28 U.S.C. Sec. 2254 in which he challenged the constitutionality of a 1984 Ohio conviction for aggravated robbery. The district court declined to issue the writ sought and dismissed the case. The parties to this appeal have briefed the issues, petitioner proceeding without counsel.
 
 
 3
 Upon consideration, we conclude that the district court's dismissal was correct. Petitioner Parks claimed that the prosecution failed to produce a requested photograph which Parks intended to use to impeach the prosecuting witness. He contends that this non-production deprived him of his due process rights, set forth in Brady v. Maryland, 373 U.S. 83, 87 (1963).
 
 
 4
 A Brady violation will result in a new trial if there is a reasonable probability that, but for the non-disclosure, the result of the trial would have been different. A reasonable probability is one that undermines confidence in the outcome. United States v. Bagley, 473 U.S. 667, 682 (1985). The case at bar does not present such a "reasonable probability." The case against petitioner was solid. The victim's description of her assailant's automobile coincided with the automobile in which Parks was riding when arrested and the description of his clothing and his physical appearance matched Parks. The victim positively identified Parks at the scene of the arrest, the police station, and at trial. The district court's dismissal was proper.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.